The Independent Insurance Agents of Illinois, and Harold W. Sanks, et al., Plaintiffs-Appellants, v. John F. Bolton, Jr., Director of Insurance of the State of Illinois, Department of Insurance of the State of Illinois, and Transportation Insurance Company, Defendants-Appellees.

Gen. No. 10,841.

Fourth District.

March 25, 1968.

Gillespie, Burke & Gillespie, of Springfield, for appellants.

Giffin, Winning, Lindner & Newkirk, of Springfield, for appellees.

CREBS, J.

This case arises from an appeal taken from the Circuit Court of Sangamon County where the action was filed to have an Administrative Review of an Order entered by the Director of Insurance.

A review of the facts is necessary for a proper understanding of the case. The three individual plaintiffs are licensed, independent insurance agents who sue in their own behalf and as representative of a class of 219 licensed independent insurance agents. The gravamen of their complaint regards the filing of a new policy form as provided by the Insurance Code with the Director of Insurance by the Transportation Insurance Company. The policy and related materials which consisted of numerous papers and documents in support of the new policy were filed at different intervals for an effective date of October 1, 1965.

On November 16, 1965, the appellants wrote to the Director of Insurance and requested the Director of Insurance to review the filing of October 1, 1965, and to conduct a hearing on the new policy form. The purpose of the hearing requested by the appellants was that the new policy form was based on a group offer to employers of more than 1,000 employees, and that this form of insurance could not be offered to members of the public in general. The appellants urged that this type of policy was contrary to the public interest and discriminatory. The hearing requested is provided for in Ill Rev Stats c 73, § 1065.5(4) (1965).

The Director of Insurance did not grant the hearing as requested. On April 7, 1966, by a letter addressed to Mr. William Webb, President of the National Association of Insurance Agents of Illinois, he notified those individuals that he had adopted the views in a memorandum prepared by the Chief Counseling Deputy of the Springfield office of the Department of Insurance. The Director of Insurance concluded his letter by stating that the "filing is legal."

On May 5, 1966, a complaint was filed in the Circuit Court of Sangamon County seeking an Administrative

Review of the decision of the Director of Insurance. The authority for filing the complaint was under the provisions of Ill Rev Stats, c 73, § 1019(1) (1965). The prayer for relief was to have the decision of the Director of Insurance reversed and be given a hearing before the Director of Insurance, and an opportunity to present evidence at such hearing.

On May 13, 1966, a motion to strike and dismiss the complaint was filed by the Director of Insurance. The thrust of the motion was that when the Director of Insurance accepted the filing on October 1, 1965, this was a final administrative decision of the Director of Insurance; the Director could not review the October 1, 1965 filing; the appellants did not institute an action to review the final administrative decision of October 1, 1965, within 35 days from the date of November 16, 1965, as per the Administrative Review Act, Ill Rev Stats, c 110, § 267 (1965). The Director then raised the point that the filing was a new policy form and not a new rate filing which requires the hearing. Ill Rev Stats, c 73, § 1065.5 (1965).

Count II of the motion to dismiss is in the alternative that if the filing could be construed as a rate filing then that the Director of Insurance did not conduct a hearing within 30 days from the date of the request for one on November 16, 1965. The motion continues that the appellants knew that they were not going to get a hearing on or about November 30, 1965, and that within 30 days of that date, they should have filed their action for Administrative Review. The Director of Insurance reaches that conclusion because in the complaint the appellants allege that on numerous occasions they requested the Director after they filed their original request for a hearing, and the last date specified was November 30, 1965. The conclusion reached by the Director's alternative argument is that the time for Administrative Review had lapsed and the original filing and order of the new

268

insurance policy of the Transportation Insurance Company is now final.

On June 2, 1966, the Transportation Insurance Company filed a motion to dismiss; however, it was never argued because they joined in the motion of the Director of Insurance.

The court below ordered the parties to file briefs, oral argument was waived, and on August 12, 1966, the motion to dismiss was granted. The court ruled in favor of the Director on two grounds: (1) That the Director of Insurance did not have authority to grant a rehearing, because the filing on October 1, 1965, was a final order. The court further stated that the appellants then had a duty to start their action at that time for Administrative Review. (2) The court held that the appellants are not the class of parties considered to be aggrieved as contemplated by the Insurance Code. Ill Rev Stats, c 73, § 1065.5 (4) (1965).

The court allowed the appellants leave to file an amended complaint, which was done, and both defendants were allowed to have their motion to strike and dismiss stand. The court adopted its ruling of August 12, 1966, and the motion to strike and dismiss the amended complaint was granted and this appeal was taken.

The Director of Insurance takes the position that on November 16, 1965, the appellants affirmatively knew of the acceptance of the new policy form and that action to review the filing and acceptance would have had to be started within 35 days of that date. The Director argues further that the letter from him to the appellants dated April 7, 1966, was only a courtesy and of no legal consequence for the taking of an appeal. We find this argument to be without merit.

The Department of Insurance has numerous administrative matters before it. When the Director fails to take action within 30 days, a citizen still has the right to ex-

pect that the Director will take such action as he is legally bound to take. It is not required that a citizen shall assume the Director will violate the statute, and upon this assumption take an immediate appeal or be barred of his rights. Our holding with respect to the first issue decided below is that the letter of April 7, 1966, was the date on which the Director of Insurance denied the appellants their request for a hearing.

To quote from the letter of April 7, 1966, the Director states that, . . . "the request for a hearing be denied." This does not sound like a courtesy to the appellants, but notice of an Administrative Ruling.

The facts as have been stated earlier disclose that appellants desired a hearing on the new policy form, the Insurance Code gave them a remedy in that they could file with the Director and request such a hearing. The Director then should hear the nature of their objections, testimony and evidence should be received so a decision can be reached on all of the facts known to the Director. Here we did not have that sequence of events. A request for hearing was filed on November 16, 1965, and this hearing was denied on April 7, 1966. We hold the denial of a hearing was an error on the part of the Director of Insurance. Ill Rev Stats, c 73, § 1065.5(4) (1965).

Since a hearing before the Director is required, it is not necessary to discuss the other points raised.

Reversed and remanded to the Circuit Court of Sangamon County with directions to order the Director of Insurance to conduct a hearing.

Reversed and remanded.

SMITH, P. J. and TRAPP, J., concur.